STATE OF MAINE                                          SUPERIOR COURT
                                                         CIVIL ACTION
YORK, ss.                                           DOCKET NO. RE-08-089

MILL POND CONDOMINIUM
ASSOCIATION,

                Plaintiff


        v.                                          **ORDER AND DECISION**


RICHARD MANALIO and
ANNE MANALIO,

                Defendants


The plaintiff condominium association (Mill Pond) is located at 1372 Post Road in Wells and consists of 20 residential units set back from Route 1. The defendants' property abuts Route 1 at 1378 Post Road in Wells. Mill Pond owns the fee interest in a strip of land running from Route 1 to the condominium units while the defendants have a right of way over the strip of land.

The parties were involved in earlier litigation which went to the Maine Supreme Judicial Court, see *Mill Pond Condominium Association v. Manalio*, 2006 ME 135 and the Superior Court judgment of January 23, 2006. The problems between the parties have persisted and this suit has been filed, tried and briefed. The plaintiff filed a six-count complaint while the defendants parried with a four-count counterclaim.

### THE COMPLAINT

### COUNT I - DECLARATORY JUDGMENT

Count I seeks a declaratory judgment involving a small grassy area between the paved portion of the right of way and the defendants' fenced back yard. In the January

23, 2006 order, decision and judgment this court found and ordered, at page 5, "The defendants as part of their response to the Town dug up a small portion of lawn in the easement and placed crushed stone there. Currently that action is not consistent with the language of the easement as the construction was not for actual ingress and egress. By May 31, 2006 the defendants will restore the area to grass."

The defendants have not restored the area to grass and now use the area for access to their fenced in back yard. The plaintiff wants the defendants to comply with the earlier order while the defendants claim that changed circumstances exist such that it would be pointless to seed an area only to repeatedly drive across it.

While the defendants have been very difficult neighbors in their aggressive use of the right of way they do have the right to use the area for "ingress and egress" to their property. There is no longer any useful purpose in requiring the defendants to restore the area to grass.

It might be wisest to pave this area but absent an agreement the area will remain with a gravel surface.

The remaining requests in Count I will be discussed as part of the analysis of the nuisance claims. Judgment for the defendants on Count I of the complaint.

COUNT II – STATUTORY NUISANCE

The Manalios are the long time owners and operators of the Harbor Flag Shop on Route 1, which sells flags and a variety of other items including pirate memorabilia. There is no doubt that the Manalios have a sincere interest, though only recently expressed with excessive enthusiasm, in the history of piracy and artifacts associated with piracy. They also have a sincere interest in annoying the neighboring condominium owners. They have successfully accomplished that goal. Some of the owners have also behaved in a less than exemplary manner.

2

The legislature has stated that, "Any fence or other structure in the nature of a fence, unnecessarily exceeding 6 feet in height, maliciously kept and maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance." 17 M.R.S.A. §2801. The plaintiff's have complained about signs and posters that have been attached to the fence, items placed on top of the fence, flag poles with flags, and gibbets, exceeding six feet in height, that have been placed behind the fence. These gibbets, which are "upright posts with a projecting arm for hanging the bodies of executed criminals", *Websters New Collegiate Dictionary*, page 480, held, among other items, three rubber replicas of severed heads, skeletons and skulls.

Among the many signs, flags, posters, banners and displays affixed to the fence were a banner entitled Death Zone, No Prisoners with two skulls and crossbones, a sign for "Graveyard" pointing to the condominiums, Calico Jack displays with a skull and crossed swords, a sign "No trespassing, Violators will be shot, Survivors will be shot again.", and two posters of primates with titles "Those Neighbors!" and "Lala la la la la la".

In order to constitute a spite fence, the "fence or other structure in the nature of a fence" must be "unnecessarily exceeding 6 feet in height." The fence itself does not exceed 6 feet in height. The various items attached to the fence face are not higher than 6 feet in height. Likewise, as long as the flagpoles are used to fly flags and do not become so closely spaced as to become "in the nature of a fence" they do not constitute a spite fence. While the spite fence statute does not provide a remedy for the items placed on the face of the fence or restrict, in itself, the use of flagpoles to fly flags, the items on top of the fence and the gibbets, which are in the nature of a fence, are problematic.

3

Once skulls or other items are placed on top of the fence the six-foot height limitations is exceeded. The skulls were placed with the intention of annoying the owners. Both the defendants were intelligent, feisty witnesses. Mr. Manalio colorfully stated that since he was from New Jersey he could find cheaper and better ways of harassing his neighbors. Fortunately those unspecified methods were not used. The argument that the skulls are simply part of the décor of the shop and are used for advertising fails as the fence is beyond the sight of traffic on Route 1 and beyond the entrance to the shop. I am fully confident that the primary purpose of the skulls and gibbets with skeletons and severed heads was to successfully annoy the neighbors. The fence itself provides privacy while the skulls and gibbets serve no such purpose.

Judgment will be granted in part for the plaintiff on Count II. The fence, items on the face of the fence and the flagpoles with flags do not constitute a spite fence. The items on top of the fence and the gibbets with all items attached or suspended from them do. The gibbets are to be removed forthwith, with no stay granted pending any appeal, along with all items on top of the fence.

The defendants are advised to avoid the temptation to find particularly hostile or annoying flags to fly from the flagpoles or new annoying posters and the like to attach to the face of the fence and the temptation to take the skeletons or new severed heads and attach them to the wall. It is more than time for a truce followed by a permanent peace.

COUNT III – NUISANCE – COMMON LAW

This count fails as there has been no showing that the plaintiff's land has been reduced in value or otherwise substantially effected. See *Charlton v. Town of Oxford*, 2001 ME 104, ¶36, n. 10.

4

COUNT IV – INJUNCTION

An injunction will issue consistent with the decision concerning Count II.

COUNT V – SLANDER OF TITLE

The defendants placed a small blue and white street sign on top of a standard size pole near Route 1 which states HARBOR FLAGS ROW. Mr. Manalio stated that it meant Harbor Flags Row as in Cannery Row by John Steinbeck. I find that it really means Harbor Flags Right of Way. However, it is the Harbor Flags Right of Way and the sign does not slander the plaintiff's title or diminish its rights. The sign does not claim that Harbor Flags owns the land. Judgment for the defendants on Count V.

COUNT VI – PUNITIVE DAMAGES

As a matter of discretion none will be awarded.

COUNTERCLAIMS

COUNT I – DECLARATORY JUDGMENT

The parties' rights to the strip of land have already been determined in the earlier litigation including the decision of the Law Court.

COUNT II – INTERFERENCE WITH AN EASEMENT

The defendants have the right to use the "full, length and width" of the easement for "the purposes of ingress and egress." The modest additional shrubbery placed along the opposite edge of the easement does not even remotely interfere with the defendants' use of the easement for purposes of ingress and egress.

COUNT III – TRESPASS

No trespass by the fee owner can exist on the right of way. Additionally no trespass took place.

COUNT IV – PUNITIVE DAMAGES

This count fails.

The entries are:

Judgment for the defendants on Count I of the complaint.

Judgment for the plaintiff on Counts II and IV of the complaint. The defendants and their officers, agents, servants, employees, and attorneys and those persons in active concert with them who receive actual notice of the order by personal service or otherwise shall within 7 days remove any objects from the top of the fence that encloses their back yard and shall remove any gibbets with all items attached to them. No items shall be placed on top of the fence nor shall any gibbets or equivalent structures be reinstalled.

Judgment for the defendants on Counts III, V and VI of the complaint.

Judgment for the plaintiff on Counts I, II, III and IV of the counterclaim.

No costs to any party.

Plaintiff's motion of August 3, 2010 for judgment on the pleadings is dismissed as moot.

Dated:     October 6, 2010

_____
Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
JENS PETER BERGEN ESQ
79 PORTLAND RD
KENNEBUNK ME   04043

ATTORNEY FOR DEFENDANT:
GREGORY J. ORSO, ESQ.
ORSO LAW PA
PO BOX 1229
YORK HARBOR ME   03911